UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| *IN RE* PETITION OF SOUTH SHORE LAKE ERIE ASSETS & OPERATIONS, LLC FOR LIMITATION OF LIABILITY AND/OR EXONERATION RE: 33' 1987 CHRIS-CRAFT AMEROSPORT MOTOR VESSEL, HULL ID# CCHEA144G687, A.K.A. M/V "THE THIRD LADY" | : : : : : : : : : : : | CASE NO. 1:21-cv-02343 [Related Doc. 10] |
| *IN RE* COMPLAINT OF GAIL OPASKAR, INDIVIDUALLY, AND AS THE EXECUTRIX OF THE ESTATE OF DR. FRANK OPASKAR, DECEASED, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | : : : : : : : : | CASE NO. 1:21-cv-02396 [Related Docs. 6 & 8] |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

These two cases involve a fatal boat accident on Lake Erie. Because two parties contest the boat's ownership, each filed a Limitation Act complaint that pleads ownership in the alternative. Motions to dismiss now attack the adequacy of the respective pleadings in both cases.

For the following reasons, the Court **DENIES** the motions to dismiss the South Shore Marine complaint (Case No. 1:21-cv-02343) and the Gail Opaskar complaint (Case No. 1:21-cv-02396).

I. **Background**

In the summer of 2021, Dr. Frank Opaskar, Christopher Kedas, and Kedas's minor son ("O.K.") set off across Lake Erie towards the Huron, Ohio South Shore Marine boat

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

dealership on a Chris-Craft boat. Christopher Kedas worked as a South Shore Marine salesman.

Dr. Opaskar and South Shore Marine were negotiating the sale of the boat. Dr. Opaskar's family owned a boat that the Opaskars discussed trading it in for a new boat. The boat was scheduled to be inspected at the South Shore Marine facility shortly after its arrival. The Opaskar and Kedas families dispute whether the boat ownership transferred before the trip, or whether the boat ownership transfer was subject to the inspection and further negotiation.

The boat's engine exhaust malfunctioned. All three passengers were found dead on the boat floating near Cleveland. Carbon monoxide poisoning likely caused the deaths.

In a separate, earlier-filed action ("the Rule D Action"), Gail Opaskar—the wife of the late Dr. Frank Opaskar—and the South Shore Marine boat dealership are litigating the ownership issue.[1]

In that case, Judge Thomas M. Parker has set a July 15, 2022 dispositive motion deadline.[2]

## II. The Limitation Act

The Limitation of Shipowner's Liability Act ("the Limitation Act") is a statute "Congress passed [ . . . ] in 1851 to encourage ship-building and to induce capitalists to invest money in this branch of industry."[3] The statute establishes that:

> The liability of the owner of any vessel [ . . . ] for any [ . . . ] loss [ . . . ] done [ . . . ] without the privity or knowledge of such owner or owners, shall not [ . .

---

[1] *Opaskar v. 33' 1987 Chris-Craft Amerosport Motor Vessel et al.,* No. 21-cv-01710 (N.D. Ohio).
[2] Case Management Conference Plan/Order, *Opaskar v. 33' 1987 Chris-Craft Amerosport Motor Vessel et al.,* No. 21-cv-01710 (N.D. Ohio Feb. 4, 2022), ECF. No. 30.
[3] *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 446 (2001) (citations omitted). The Limitation Act applies to non-commercial boats, although courts have noted the incongruence between the statute's original purpose and its modern application. *See, e.g., In re Young,* 872 F.2d 176, 178 (6th Cir. 1989).

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

> . ] exceed the amount or value of the interest of such owner in such vessel [ . . . .][4]

The Limitation Act is implemented by Federal Civil Procedure Supplemental Admiralty and Maritime Claims Rule F.[5] Under Supplemental Rule F(2), a boat owner seeking protection under the Limitation Act must "set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited."

As discussed below, two aspects of the statute are of particular focus here: The motions to dismiss say that petitioners have not adequately stated that they owned the boat and that the accident occurred without their privity or knowledge.

### III. The Two Limitation Act Petitions

#### A. South Shore Marine's Petition

On December 15, 2021, South Shore Marine filed a Limitation Act petition seeking exoneration from or limitation of liability for injuries caused by the boat accident.[6] In its petition, South Shore Marine says that it first received notice in June 2021 that Gail Opaskar was seeking to hold South Shore Marine accountable for the accident.[7]

South Shore Marine pleads its complaint "in the alternative."[8] While stating that it contests ownership in the Rule D Action, South Shore Marine alleges that it was the owner of the boat on a "contingent basis."[9] South Shore Marine also says that it was not aware of

---

[4] 46 U.S.C. § 183(a).
[5] *See Lewis*, 531 U.S. at 448 (explaining Limitation Act procedure).
[6] Complaint, *South Shore Lake Erie Assets & Operations, LLC v. 33' 1987 Chris-Craft Amerosport Motor Vessel*, No. 21-cv-02343 (N.D. Ohio Dec. 15, 2021), ECF. No. 1 [hereinafter "South Shore Marine Complaint"].
[7] *Id.* at 2.
[8] *Id.* at 7.
[9] *Id.*

- 3 -

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

the accident's cause since the boat was on its first trip to the South Shore Marine facility and was scheduled to be inspected the next day.[10]

Pursuant to Supplemental Rule F, this Court accepted South Shore Marine's *Ad Interim* Stipulation for Value of $20,000, granted a stay of all lawsuits related to the accident other than the Rule D Action, and ordered South Shore Marine to provide notice of its petition.[11]

### B. Gail Opaskar's Petition

On December 22, 2021, Gail Opaskar—individually, and as the executrix of Dr. Frank Opaskar's estate—filed her own Limitation Act petition.[12] Gail Opaskar alleges that Candida Lynn Kedas—as executrix of the estate of Chris Kedas—brought a claim in state court against Dr. Frank Opaskar's estate for personal injuries and wrongful death.[13]

Similar to South Shore Marine's petition, Gail Opaskar filed her complaint in the alternative.[14] While she denies being the boat's legal owner, she says that "in the event that the Court adjudicates either of them to be the legal owner of the Vessel, Gail Opaskar must timely assert her right to seek exoneration from or limitation of liability on behalf of herself and the Estate of Dr. Opaskar."[15] Gail Opaskar also pleads: "Mrs. Opaskar and Dr. Opaskar used due diligence to make the Vessel seaworthy" and denies negligence.[16]

---

[10] *Id.*
[11] Order, *South Shore Lake Erie Assets & Operations, LLC v. 33' 1987 Chris-Craft Amerosport Motor Vessel*, No. 21-cv-02343 (N.D. Ohio Jan. 12, 2021), ECF No. 9.
[12] Complaint, *Opaskar v. 33' 1987 Chris-Craft Amerosport Motor Vessel*, No. 21-cv-02396 (N.D. Ohio Dec. 22, 2021), ECF No. 1 [hereinafter "Opaskar Complaint"].
[13] *Id.* at 6.
[14] *Id.* at 2.
[15] *Id.*
[16] *Id.* at 4.

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

This Court also accepted Gail Opaskar's $20,000 stipulation, granted the requested stay of other actions, and directed her to provide the required notice of the petition.[17]

### IV. Legal Standard

In this Supplemental Rule F maritime case, the Court applies the familiar *Iqbal-Twombly* framework at the motion to dismiss stage.[18] Accordingly, the pleadings are sufficient if they "nudge[ ] [the petitioners'] claims across the line from conceivable to plausible."[19]

### V. Discussion

Three substantially similar motions to dismiss are now ripe for decision in the two separate cases. In the South Shore Marine case, only James Bart Leonardi—the administrator of O.K.'s estate—filed a motion to dismiss.[20] In the case Gail Opaskar filed, Leonardi[21] and Candida Lynn Kedas[22] have each filed a motion to dismiss.

The Court address the merits below.[23]

#### A. Ownership

---

[17] Order, *Opaskar v. 33' 1987 Chris-Craft Amerosport Motor Vessel*, No. 21-cv-02396 (N.D. Ohio Mar. 16, 2022), ECF No. 12.
[18] *Bensch v. Est. of Umar*, 2 F.4th 70, 79 (2d Cir. 2021) (holding *Iqbal-Twombly* applies in Supplemental Rule F context).
[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[20] Motion to Dismiss Complaint for Exoneration from or Limitation of Liability Filed by Interested Party James Bart Leonardi, *South Shore Lake Erie Assets & Operations, LLC v. 33' 1987 Chris-Craft Amerosport Motor Vessel* (N.D. Ohio Feb. 17, 2022), ECF No. 10 [hereinafter "South Shore Marine-Leonardi Motion to Dismiss"].
[21] Motion to Dismiss Complaint for Exoneration from or Limitation of Liability Filed by Interested Party James Bart Leonardi, *Opaskar v. 33' 1987 Chris-Craft Amerosport Motor Vessel* (N.D. Ohio Feb. 11, 2022), ECF No. 6 [hereinafter "Opaskar-Leonardi Motion to Dismiss"].
[22] Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion to Stay Proceedings Filed by Interested Party Candida Lynn Kedas, *Opaskar v. 33' 1987 Chris-Craft Amerosport Motor Vessel* (N.D. Ohio Feb. 18, 2022), ECF No. 8 [hereinafter "Opaskar-Kedas Motion to Dismiss"].
[23] The Court rejects Gail Opaskar's argument that Leonardi cannot file a motion to dismiss as a non-party because he has not yet filed a Supplemental Rule F(5) claim and answer. Other courts have allowed the filing of the motion to dismiss before a claim and answer. *See Petition of Carnival Corp.*, No. 05-21633, 2006 WL 8432012, at *1 (S.D. Fla. Jan. 6, 2006). Additionally, there is no reason to bar claimants from filing a motion to dismiss when they may file a claim and answer up until April 29, 2022.

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

Since the federal civil procedure rules apply in admiralty cases,[24] Federal Rule of Civil Procedure 8(d)(2) is the starting point to evaluate the contention that a Limitation Act complaint cannot plead ownership in the alternative.  That rule says: "A party may set out 2 or more statements of a claim [ . . . ] alternatively or hypothetically."[25]

As the Wright & Miller treatise describes, courts have interpreted Rule 8(d)(2) to mean that: "The fact that the outcome of one claim is contingent on the outcome of another does not invalidate the latter."[26]  This interpretation also aligns with the Sixth Circuit's approval of an alternative pleading as "litigation is not an 'exact science[,]'" and "[l]awyers cannot preordain which claims will carry the day[.]"[27]

While there is no Sixth Circuit authority applying the federal pleading rules in the Limitation Act context, decisions from other federal courts provide guidance.  Two older New York federal court authorities are useful as they address the precise issue here: Limitation Act pleadings in the context of disputed boat ownership.

In a 1958 decision, a Southern District of New York court allowed petitioners to plead "that they are not charterers who may be deemed owners under the Limitation Act[,] but if they are proved to be charterers who may be deemed owners[,] then they will seek limitation of liability."[28]  Citing to Federal Rule of Procedure 8, that court said: "There is no objection to hypothetical pleading in admiralty."[29]

---

[24] *See Bensch*, 2 F.4th at 76 (explaining merger of admiralty rules into federal procedure rules).
[25] Fed. Rule Civ. P. 8(d)(2); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1282 (4th ed. 2021) (noting that rule "affords a party considerable flexibility in framing a pleading").
[26] *Id.* at n.3 (citing *Dimensional Music Publishing, LLC v. Kersey ex rel. Estate of Kersey*, 448 F. Supp. 2d 643 (E.D. Pa. 2006)).
[27] *Jordan v. City of Cleveland*, 464 F.3d 584, 604 (6th Cir. 2006).
[28] *Petition of Tanker Hygrade No 18, Inc.*, 172 F. Supp. 500, 502 (S.D.N.Y. 1958).
[29] *Id.*

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

And the Second Circuit decision in *Star Brick Corp. v. Johnson*[30] reached the same outcome.[31] There, the court noted that considering the six-month statutory limit for filing a Limitation Act petition, it was "reasonabl[e]" to allow complaints to proceed in the alternative "lest petitioner be unfairly deprived of its rights."[32]

In addition, the Court finds that the petitioners have the far better reading of the more recent *Petition of Carnival Corp* case.[33] In that case, then-District Judge Adalberto Jordan, relying on *Star Brick Corp.*, determined that a Limitation Act petition that pleaded both a set of facts "in which case it *could not* seek limitation of liability" and "in which case it *could* seek limitation of liability" was able to survive a motion to dismiss.[34]

The motions to dismiss cite to cases where courts decided that ownership pleadings were insufficient to invoke the Limitation Act. But these decisions are of limited relevance here as they neither discuss the permissibility of alternative pleading nor involve situations in which two parties dispute ownership.

In *Norfolk Dredging Co. v. M/V A/V KASTNER*,[35] the Court dismissed a complaint in which the petitioner alleged only that it was "the 'technical manager' for the vessel" but granted leave to file an amended complaint.[36]

In *Complaint of Chesapeake Shipping, Inc.*,[37] the court found a petitioner's Limitation Act claim that alleged it was "the manager of the vessel and employer of the

---

[30] 262 F.2d 251 (2d Cir. 1959).
[31] *Id.* at 252 ("[A]lternative or hypothetical pleadings are expressly permitted by Rule 8(e) of the civil rules, now so generally accepted as models in admiralty.").
[32] *Id.*
[33] No. 05-21633, 2006 WL 8432012 (S.D. Fla. Jan. 6, 2006).
[34] *Id.* at *3 (S.D. Fla. Jan. 6, 2006).
[35] 264 F. Supp. 2d 265 (D. Md. 2003).
[36] *Id.* at 267.
[37] 778 F. Supp. 153 (S.D.N.Y. 1991).

- 7 -

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

crew" as insufficient to establish ownership.[38] Although that complaint did assert ownership in the alternative, the court did not address the alternative pleading issue in reaching its decision.

And, in *Marine Recreational Opportunities, Inc. v. Berman*,[39] the Second Circuit affirmed the dismissal of a Limitation Act petition, noting that the petitioner was a "prior owner who lacked any measure of control over the vessel at the time of the accident."[40]

Accordingly, considering this authority, the Court finds that the two complaints adequately plead ownership. The federal rules generally allow such pleadings. Further, pleading ownership in the alternative comports with the Limitation Act's textual requirement that the petitioner is "the owner."[41] Additionally, in the Second Circuit's words, "reason and justice"[42] weigh against barring petitioners from seeking protection under the Limitation Act only because legal ownership will be determined after the six-moth statutory filing bar.

### B. Standing

The motions to dismiss say that petitioners are asking for an impermissible advisory opinion.[43] But this argument is largely undeveloped.[44] And while South Shore Marine and Gail Opaskar do not respond directly on this point, the Court has "an independent obligation to examine [its] own jurisdiction."[45]

---

[38] *Id.* at 157.
[39] 15 F.3d 270 (2d Cir. 1994).
[40] *Id.* at 271.
[41] 46 U.S.C. § 183(a).
[42] *Star Brick Corp.*, 262 F.2d at 252.
[43] South Shore Marine-Leonardi Motion to Dismiss at 4; Opaskar-Kedas Motion to Dismiss at 4.
[44] The motions to dismiss do not cite any authority in which a court examined a Limitation Act petition in the context of constitutional standing doctrine. Additionally, Candida Lynn Kedas's reliance on Kansas standing doctrine is off point. *Cf.* Opaskar-Kedas Motion to Dismiss at 4.
[45] *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 360 (6th Cir. 2021) (citations omitted).

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

To satisfy the Article III Case or Controversy requirement, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[46] The Court finds that both South Shore Marine and Gail Opaskar meet this test.

The motions to dismiss suggest that because petitioners plead in the alternative, any constitutional injury is necessarily hypothetical or speculative. But this argument is not correct. Regardless of which party is ultimately determined to be the boat's owner, both parties have suffered a sufficient constitutional injury from having to defend against earlier-filed lawsuits seeking to hold them accountable for the accident.

A recent Seventh Circuit consumer protection decision helps illustrate this point.[47] There, the Court found that a plaintiff who "was already a defendant in a collection suit" could make out a constitutional injury, in part on that basis.[48]

The same reasoning applies here. The constitutional injuries Gail Opaskar and South Shore Marine allege are actual and concrete. Gail Opaskar's complaint states that she was sued in an earlier-filed personal injury and wrongful death case.[49] South Shore Marine's complaint states that it was sued in the earlier-filed Rule D Action.[50] These earlier-filed lawsuits give the petitioners standing.[51]

### C. Privity or Knowledge

---

[46] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).
[47] *Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1053 (7th Cir. 2019).
[48] *Id.*
[49] Opaskar Complaint at 6.
[50] South Shore Marine Complaint at 2.
[51] The Court also notes that this conclusion is consistent with Judge Learned Hand's interpretation of the Limitation Act: "All that the vessel owner need prove, and all that he need allege, is that *he has been 'sued'* for some 'loss, damage or injury * * * done, occasioned or incurred, without' his 'privity or knowledge,' and that he wishes 'to claim the benefit of limitation of liability.'" *Colonial Sand & Stone Co. v. Muscelli*, 151 F.2d 884, 885 (2d Cir. 1945) (Hand, J.) (emphasis added).

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

Courts have long held that "[t]he phrase 'privity or knowledge' [in the Limitation Act] is a 'term of art meaning complicity in the fault that caused the accident.'"[52] The motions to dismiss say that South Shore Marine and Gail Opaskar fail to adequately plead that the accident occurred "without [their] privity or knowledge."[53] The Court disagrees.

The South Shore Marine complaint sufficiently pleads lack of privity or knowledge. It alleges that the cause of the accident was "an overheating of the engine due to lack of sufficient cooling water"[54] and that it did not inspect the boat prior to its departure.[55] South Shore Marine also denies negligence.[56]

Leonardi contends that South Shore Marine's position "amounts to an admission of both negligence and privity in having an agent and employee onboard a vessel, it must have owned, with questionable seaworthiness destined for a 70+ mile transport."[57] But at the motion to dismiss stage, that argument goes too far.

Boat travel before an inspection is not alone negligence—and Leonardi does not point to authority supporting his argument on this point. Further, it is plausible, on South Shore Marine's pleadings, that both the accident was not caused by negligence and that it occurred without the knowledge of South Shore Marine or its agent, Kedas.[58]

Although relatively sparse, Gail Opaskar's complaint is also sufficiently pled. Gail Opaskar alleges the facts and circumstances of the trip.[59] Opaskar says that she and her

---

[52] *In re Complaint of Messina*, 574 F.3d 119, 126 (2d Cir. 2009) (quoting *Blackler v. F. Jacobus Transportation Co.*, 243 F.2d 733, 735 (2d Cir.1957)); *see also In re Island Express Boat Lines*, No. 02-7108, 2003 WL 22436222, at *3 (N.D. Ohio Sept. 23, 2003) ("The issue of privity turns on the facts of each particular case.").
  The Sixth Circuit applies a two-step inquiry. *See In re Muer*, 146 F.3d 410, 416 (6th Cir. 1998).
[53] 46 U.S.C. § 183(a).
[54] South Shore Marine Complaint at 15.
[55] *Id.* at 7.
[56] *Id.* at 7.
[57] South Shore Marine-Leonardi Motion to Dismiss at 9.
[58] *Cf. Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1065 (11th Cir. 1996) (demonstrating vicariously liability inquiry is fact-specific).
[59] Opaskar Complaint at 1–2.

- 10 -

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

late husband "used due diligence" to make the boat seaworthy.⁶⁰ And she says that the accident was "not caused or contributed to by any fault, neglect, want of care, or design on [her] part."⁶¹

Attacking the complaint, Candida Lynn Kedas says that: "On these facts, it is difficult to conceive how Complainant would not have privity or knowledge as to the vessel's seaworthiness or any negligence in its operation."⁶² But that argument runs against Sixth Circuit precedent approving of an out-of-circuit case holding that an "owner's presence is not necessarily fatal to his right to limit if the evidence suggests that his conduct was in all respects prudent."⁶³ Additionally, based on Gail Opaskar's pleadings, it is plausible that the accident was not caused by the Opaskar family's negligence and that it was not known to the Opaskar family.

Lastly, the motions to dismiss cite to authority that does not advance their position. In *Bensch v. Est. of Umar*,⁶⁴ the Second Circuit approved the second amended complaint, while noting that "[i]t [was] true that [the amended complaint's] allegations could be more factually detailed."⁶⁵ And the *Dalton v. Unknown Claimants*⁶⁶ case is difficult to evaluate. There, the court found the complaint conclusory, referencing only seemingly vague portions of the complaint.⁶⁷

### D. Estoppel

---

⁶⁰ *Id.* at 4.
⁶¹ *Id.*
⁶² Opaskar-Kedas Motion to Dismiss at 7.
⁶³ *In re Muer*, 146 F.3d at 416 (quoting *Petition of M/V Sunshine, II*, 808 F.2d 762, 765 (11th Cir. 1987)).
⁶⁴ 2 F.4th 70 (2d Cir. 2021).
⁶⁵ *Id.* at 80.
⁶⁶ No. 21-101, 2021 WL 2815224 (M.D. Fla. Apr. 20, 2021).
⁶⁷ *Id.* at *3.

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

The sole authority the Leonardi motions to dismiss offer in support of the theory that the petitioners' complaints should be dismissed on estoppel grounds is *Admiral Towing Co. v. Woolen*.[68] But that case does not help Leonardi here.

In *Admiral Towing Co.*, the Ninth Circuit rejected a Limitation Act petitioner's attempt to disclaim ownership on appeal after having pled and been determined to be the owner in the district court.[69]

That is not the situation here. The complaints do not evince the "cynical gamesmanship" estoppel rules protect against.[70] By contrast, the complaints make plain they both seek to preserve petitioners' Limitation Act rights in light of the earlier-filed Rule D Action and without running afoul of the six-month filing limit.

## VI. Conclusion

The Court **DENIES** the motions to dismiss.

Further, to minimize the burden on claimants of filing briefing in two separate cases, the Court **ORDERS** the parties to submit briefing regarding by May 23, 2022 on whether a stay on further proceedings in the respective cases is necessary pending the outcome of the Rule D Action.

IT IS SO ORDERED.

Dated: April 18, 2022         *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[68] 290 F.2d 641 (9th Cir. 1961).
[69] *Id.* at 644.
[70] *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010).